United States District Court
Southern District of Texas
**ENTERED**
July 12, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY, | § § § § § | CIVIL ACTION NO 4:22-cv-00277 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| UTICA MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

The motion by Plaintiff Peerless Indemnity Insurance Company for summary judgment is granted. Dkt 13. The cross-motion by Defendant Utica Mutual Insurance Company is denied. Dkt 21.

This insurance dispute concerns a 2015 car accident involving Ashley Jarvis, an employee of Monitor Medical. Monitor had leased the car involved in the accident from Epworth Enterprises. See Dkt 13 at 17–19. Both Monitor and Epworth are controlled by Richard Webb, who signed the lease agreement on behalf of each company. Id at 19.

Monitor held a commercial auto insurance policy from Plaintiff Peerless Indemnity Insurance Company. Epworth held a similar policy from Defendant Utica Mutual Insurance Company. Peerless defended Monitor and Jarvis in an underlying lawsuit in state court and expended $360,000 in settlement and roughly $49,000 in legal costs. Utica claimed that it had no obligations to Monitor and

Jarvis under its policy and refused to defend or indemnify them on that basis. See id at 164–78.

Peerless brought this lawsuit alleging that Utica did have such obligations. In particular, it alleges that Utica's coverage obligations were primary, while its own obligations were merely excess. Peerless points to the definition of *insured* in the Utica policy, which includes "[a]nyone else . . . using with your permission a covered 'auto' you own, hire or borrow." Id at 120. It says that Monitor and Jarvis fall within this definition because they were using the car with the permission of Epworth at the time of the accident.

This is so. Monitor and Jarvis were quite obviously using the car involved in the accident with the permission of Epworth. This permission was express under the terms of the lease agreement. See id at 17–19. Utica's obligations were thus primary because Epworth—the named insured under the Utica policy—owned the vehicle involved in the accident. See id at 127.

Utica in fact doesn't challenge the priority of coverage in its response. Its only argument concerns a provision in the lease agreement requiring Monitor (as the lessee) to acquire insurance for the vehicle and list Epworth (as the lessor) as an additional insured. Dkt 13 at 18. There's no dispute that Monitor failed to list Epworth as an additional insured. Utica argues that because of this failure, "Monitor's (and Jarvis') use of the Vehicle was not permissive at the time of the accident at issue in the Underlying Lawsuit." Dkt 16 at 5.

The argument lacks merit. The provision in the lease requiring Epworth to be listed as an additional insured was not a condition precedent. See *Solar Applications Engineering Inc v TA Operating Corp*, 327 SW3d 104, 108 (Tex 2010). And Utica cites no case indicating that any failure by Monitor in this regard constitutes a major deviation from the scope of permission under Texas law. The lease was thus still in effect at the time of the accident despite the failure of Monitor to perform this term. And Monitor and Jarvis were using the car in accordance with the terms of the lease when the accident occurred.

2

Beyond this, and even if they lacked express permission, Monitor and Jarvis had implied permission from Epworth given the circumstances. Epworth and Monitor are closely related and controlled by the same person, Richard Webb, who agreed to let Monitor use the car. And Monitor used the vehicle for over three years prior to the subject accident, without objection from Epworth.

The motion by Plaintiff Peerless Indemnity Insurance Company for summary judgment is GRANTED. Dkt 13.

The cross-motion by Defendant Utica Mutual Insurance Company is DENIED. Dkt 21.

Peerless is ORDERED to file a proposed final judgment—with specific amounts listed as to damages, attorney fees, and costs—by July 26, 2023.

The requested amount of attorney fees and costs must be adequately supported by evidence of billing. Utica may file any response as to attorney fees and costs by August 9, 2023.

SO ORDERED.

Signed on July 12, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3